UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

EDWARD RANDOLPH,

                    Plaintiff,

    v.                                      9:19-CV-0639 (DNH/ATB) [LEAD]

J. PRIEUR, et. al.,

                    Defendants.

---

EDWARD RANDOLPH,

                      Plaintiff,

    v.                                      9:19-CV-0640 (GLS/DJS) [MEMBER]

L. RENAUD, et. al.,

                    Defendants.

---

APPEARANCES:

EDWARD RANDOLPH
Plaintiff, pro se
263916
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Plaintiff pro se Edward Randolph ("Randolph" or "plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, asserting claims arising out of his confinement in the custody

of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 6 ("[Consolidated] Compl.").

In a Decision and Order filed June 20, 2019 (the "June Order"), after reviewing the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915(e)(B) and 28 U.S.C. § 1915A(b), the Court determined several claims asserted in the Complaint survived sua sponte review and required a response from Defendants. Dkt. No. 5.

With respect to Randolph's Fourteenth Amendment due process claims, plaintiff was advised that in order to proceed with claims against defendants Deputy Superintendent Jane Doe, Captain Wagner, Commissioner Anthony Annucci, and D. Venettozzi, he must submit a *Peralta* Waiver. *See* Dkt. No. 5 at 22-28.

In the Complaint, Randolph claims that challenged a disciplinary disposition in an Article 78 proceeding in state court and that the petition is pending. *See* Dkt. No. 5 at 26. Plaintiff stated that he "hereby waives and forever abandons any legal claims he has or may have with regard to the loss of good time stemming from the May 20th disciplinary hearing[.]" *See id*.

In the June Order, the Court acknowledged Randolph's statement but could not accept this submission as a valid Peralta waiver. See Dkt. No. 5 at 26-27. The Court noted, *inter alia*, that the statement is limiting and vague and confined to the disciplinary determination from the "May 20th" hearing. See Dkt. No. 5 at 26-27. The Court reasoned that

> [. . . ] it is not clear whether two separate disciplinary hearings were conducted in September 2016 and further, whether two separate re-hearings were held in May 2017. Additionally, the Complaints are vague with respect to the sentence(s) imposed after the hearings and the Court cannot discern, at this juncture, whether Randolph was subjected to "mixed sanctions" affecting both the duration and the conditions of his confinement during the September 2016

2

> hearing(s) and May 2017 hearing(s)—plaintiff has not provided copies of the disciplinary hearing determinations, nor has he indicated if the sentence(s) he received after the September 2016 and May 2017 included a loss of good time.
>
> Even mindful of Randolph's pro se status, the submission does not include a clear and unequivocal statement that plaintiff "waives for all times all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement" related to his September 2016 and May 2017 hearing(s) as required by *Peralta*.
>
> Based on the absence of the express waiver language identified as necessary and on Randolph's reference to a pending proceeding challenging a disciplinary determination, to the extent it impacted the duration of his confinement, the Court declines to accept Plaintiff's assertions as a satisfactory *Peralta* Waiver at this time.

Dkt. No. 5 at 26-27.

Currently before the Court is Plaintiff's *Peralta* waiver. Dkt. No. 7. In his submission, plaintiff provided a statement that reads,"[. . .] I would like to advise the Court that at this time 'I do waive' for all times all claims in this action relating to the disciplinary sanctions arising out of the May 20, 2019 disciplinary disposition." Dkt. No. 7 at 2.

However, Randolph's statement does not cure the deficiencies identified in the June Order. As the Second Circuit stated in *Peralta*: "the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit." *Peralta*, 467 F.3d at 104.

In light of Randolph's pro se status, he is hereby afforded a second opportunity to submit the waiver required by *Peralta* if he wishes to proceed with his due process claims

3

arising out of the disciplinary proceedings.

As he was advised in the June Order, Randolph's waiver must clearly and unequivocally state that:

> he waives for all times all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement. In the alternative, Plaintiff may demonstrate that the disciplinary sentence was reversed or invalidated.

*See* Dkt. No. 5 at 27.

Randolph is further advised that in the event a proper *Peralta* waiver is not filed within twenty (20) days of the date of this Decision and Order, his due process claims against Deputy Superintendent Jane Doe, Captain Wagner, Commissioner Anthony Annucci, and D. Venettozzi will be dismissed without prejudice in accordance with *Heck*.

Therefore, it is

ORDERED that

1. Plaintiff is afforded a second opportunity to file the Peralta Waiver required by the Judge Order if he wishes to proceed in this action with his due process claims against Deputy Superintendent Jane Doe, Captain Wagner, Commissioner Anthony Annucci, and D. Venettozzi challenging the disciplinary sanctions affecting the conditions of his confinement;

2. Plaintiff must file his Peralta Waiver within twenty (20) days of the date of this Decision and Order;

3. Upon Plaintiff's filing of the Peralta Waiver, and in all events, at the expiration of the twenty (20) day period from the filing date of this Decision and Order, the Clerk shall return the file for review and issuance of an order directing service of process; and

4

4. The Clerk shall serve a copy of this Decision and Order upon Plaintiff.

IT IS SO ORDERED.

Dated: July 16, 2019
    Utica, New York.

_____
United States District Judge