UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDWARD RANDOLPH,

        Plaintiff,

  v.              9:19-CV-0639
                    (DNH/ATB)
                    [LEAD]
J. PRIEUR, et. al.,

        Defendants.

---

EDWARD RANDOLPH,

         Plaintiff,

  v.              9:19-CV-0640
                    (GLS/DJS)
                    [MEMBER]
L. RENAUD, et. al.,

        Defendants.

---

APPEARANCES:

EDWARD RANDOLPH
Plaintiff, pro se
263916
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403

DAVID N. HURD
United States District Judge

**ORDER**

  Pro se plaintiff Edward Randolph ("Plaintiff") commenced this action pursuant to 42

U.S.C. § 1983, asserting claims arising out of his confinement in the custody of the New York

State Department of Corrections and Community Supervision ("DOCCS").   Dkt. No. 6 ("[Consolidated] Compl.").

In a Decision and Order filed June 20, 2019 (the "June Order"), after reviewing the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915(e)(B) and 28 U.S.C. § 1915A(b), the Court determined several claims asserted in the Complaint survived sua sponte review and required a response from Defendants.  Dkt. No. 5.

With respect to Plaintiff's Fourteenth Amendment due process claims, Plaintiff was advised that in order to proceed with claims against defendants Deputy Superintendent Jane Doe, Captain Wagner, Commissioner Anthony Annucci, and D. Venettozzi, he must submit a *Peralta* Waiver.  See Dkt. No. 5 at 22-28.

On June 26, 2019, Plaintiff provided a submission with a statement advising that, "I do waive for all times all claims in this action relating to the disciplinary sanctions arising out of the May 20, 2019 disciplinary disposition."  See Dkt. No. 7 at 2.  In a Decision and Order filed July 16, 2019 (the "July Order"), the Court concluded that Plaintiff had not "clearly and unequivocally" waived "for all times all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement."  See Dkt. No. 8.  Plaintiff was afforded a second opportunity to provide a proper *Peralta* Waiver.

Currently before the Court is a submission entitled "*Peralta* Waiver".  See Dkt. No. 9.

In his submission, Plaintiff provided a statement that reads, in its entirety:

> He waives for all times all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement which were the sole result of the May 20, 2017 disciplinary hearing of the August 11, 2016 incident[.].

Dkt. No. 9 at 3.

In the submission, Plaintiff explains that two separate disciplinary hearings were conducted in September 2016 related to incidents that occurred on August 9, 2016 and August 11, 2016, with Jane Doe presiding. *See* Dkt. No. 9 at 4. Plaintiff further advised that two separate re-hearings were conducted in May 2017. *See id.* The first hearing, related to the August 9, 2016 incident, was administratively dismissed. *See id.* The second hearing, related to the August 11, 2016 incident, resulted in a sentence of four months in the Special Housing Unit ("SHU") and three months of "recommended loss of good time." *See* Dkt. No. 9 at 5.

Given Plaintiff's pro se status, the Court has liberally construed his statements as "abandoning, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement" that arose out of Plaintiff's May 20, 2017 proceeding. *See Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

Based upon the foregoing, all claims set forth in the Complaint related to disciplinary sanctions imposed on Plaintiff, which affect the duration of his confinement, are dismissed.

**WHEREFORE**, it is hereby

**ORDERED** that all claims set forth in the Complaint related to disciplinary sanctions imposed on Plaintiff, which affect the duration of his confinement, are dismissed; and it is further

**ORDERED** that the Clerk shall issue a summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon defendants. The Clerk shall forward a copy of the summonses and complaint to the Office of the New York

Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the Complaint be filed by defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  August 22, 2019
         Utica, New York.

_____
United States District Judge

4