UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD RANDOLPH,

        Plaintiff,

    -v-                    9:19-CV-639 (LEAD)

J. PRIEUR, Corrections Officer,
Great Meadow Correctional
Facility *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD RANDOLPH,

        Plaintiff,

    -v-                    9:19-CV-640 (MEMBER)

L. RENAUD, Correction Officer,
Great Meadow Correctional
Facility *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

EDWARD RANDOLPH
Plaintiff, Pro Se
643 Cauldwell Ave., Apt #31
Bronx, NY 10455

HON. LETITIA JAMES  CHRISTOPHER HUMMEL, ESQ.
New York State Attorney General  Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On May 30, 2019, *pro se* plaintiff Edward Randolph ("plaintiff") filed these civil actions alleging that defendants violated his rights while he was housed at Great Meadow Correctional Facility. After the actions were ordered consolidated, Dkt. No. 5, plaintiff filed a "consolidated" amended complaint (really two separate pleadings) that named a host of defendants. Dkt. No. 6.

Following discovery and motion practice, four claims remained: (1) an Eighth Amendment excessive force claim arising out of an August 9, 2016 incident against defendants Renaud, Drew, Scarlotta, Morin, Swan, and Scuderi; (2) an Eighth Amendment excessive force claim arising out of an August 11, 2016 incident against defendants Rose, Prieur, and Vandenburgh; (3) an Eighth Amendment deliberate medical indifference claim against defendants Nesmith and Nurse John Doe; and (4) a Fourteenth Amendment due process claim against defendants Peacock, Wagner, and Venettozzi.

On October 21, 2021, defendants moved for summary judgment. Dkt. No. 62. According to defendants, plaintiff had failed to exhaust his

administrative remedies as to the August 9, 2016 or August 11, 2016 excessive force incidents, had not established a deliberate medical indifference claim against defendant Nesmith, and had failed to identify a liberty interest necessary to maintain his due process claims against defendants Peacock, Wagner, and Venetozzi. *Id.*

On July 20, 2022, U.S. Magistrate Judge Andrew T. Baxter advised by Report & Recommendation ("R&R") that defendants' motion be granted in part and denied in part. Dkt. No. 71. In particular, Judge Baxter advised that the branch of defendants' motion based on plaintiff's alleged failure to exhaust his administrative remedies be denied as to the two excessive force incidents. *Id.* However, Judge Baxter recommended that defendants' motion be granted in all other respects. *Id.*

Plaintiff has not filed objections, and the time period in which to do so has expired. *See* Dkt. No. 72. Upon review for clear error, the R&R will be accepted and adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Defendants' motion for summary judgment based on a failure to exhaust is DENIED as to:

- 4 -

    (a) the Eighth Amendment excessive force claim arising out of the August 9, 2016 incident against defendants Renaud, Drew, Scarlotta, Morin, Swan, and Scuderi;

    (b) the Eighth Amendment excessive force claim arising out of the August 11, 2016 incident against defendants Rose, Prieur, and Vandenburgh;

  3. Defendants' motion for summary judgment is GRANTED IN ALL OTHER RESPECTS; and

  4. The operative complaint is DISMISSED IN ITS ENTIRETY against defendants Nesmith, Wagner, Peacock, Venettozzi, and John Doe Nurse Practitioner.

  IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: August 16, 2022
      Utica, New York.