UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDWARD RANDOLPH,

                             Plaintiff,

    v.                                         9:19-cv-00639 (AMN/MJK)

J. PRIEUR, *et al.*,                                [LEAD]

                             Defendants.

---

EDWARD RANDOLPH,

                             Plaintiff,

    v.                                         9:19-cv-00640 (AMN/MJK)

L. RENAUD, *et al.*,                               [MEMBER]

                             Defendants.

---

**APPEARANCES:**                                 **OF COUNSEL:**

**NIXON PEABODY LLP**                  **DANIEL J. HURTEAU, ESQ.**
677 Broadway
10th Floor
Albany, NY 12207

55 West 46th Street, Tower 46        **PAUL F. DOWNS, ESQ.**
New York, NY 10036                   **ALICIA JOHNSON-ISHMAN ESQ.**

1300 Clinton Square                     **CHANEL M. POWELL, ESQ.**
Rochester, NY 14604
*Attorneys for Plaintiff*

**NEW YORK STATE ATTORNEY GENERAL**   **MARK J. DOLAN, ESQ.**
The Capitol                                    **AMANDA KURYLUK, ESQ.**
Albany, NY 12224
*Attorneys for Defendants*

1

**Hon. Anne M. Nardacci, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

On May 30, 2019, Edward Randolph ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, asserting civil rights claims against defendant correction officers[1] arising from his prior incarceration in Great Meadow Correctional Facility ("GMCF"). After motion practice and an exhaustion hearing held before the undersigned, Plaintiff's remaining claims concern two allegedly unconstitutional uses of excessive force in violation of Plaintiff's Eighth Amendment rights: (i) by Defendants Renaud, Drew, Scarlotta, Morin, Swan, and Scuderi on August 9, 2016 at GMCF; and (ii) by Defendants Rose, Prieur, and Vandenburgh on August 11, 2016, also at GMCF. *See* Dkt. No. 94 at 15. Plaintiff seeks $1,000,000 in compensatory damages, $800,000 in punitive damages, as well as attorneys' fees and costs. *See* Dkt. No. 19 at 17-19.[2]

Trial is set to commence on April 23, 2025. *See* Dkt. No. 157. Presently before the Court are motions *in limine* from Plaintiff and Defendants, Dkt. Nos. 167, 174, and corresponding responses in opposition, Dkt. Nos. 179, 180. The Court heard further argument from the Parties during the final pretrial conference on April 9, 2025. For the reasons set forth below, Plaintiff's motion *in limine* is denied, and Defendants' motion *in limine* is granted in part, denied in part, and reserved in part.

**II.     STANDARD OF REVIEW**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on

---

[1] The Defendants remaining in this action are Correction Officers Renaud, Drew, Scuderi, Morin, Swan, Scarlotta, Prieur, Vandenburgh, and Rose ("Defendants"). *See* Dkt. No. 72.

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (citations omitted). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

**III.    DISCUSSION**

Familiarity with the alleged facts of this case, as set forth in the Amended Consolidated Complaint, Dkt. No. 19, and the Court's prior decisions, Dkt. Nos. 21, 42, 72, & 94, is presumed. In summary, Plaintiff alleges that, on August 9, 2016, Defendants Renaud, Drew, Scarlotta, Morin, Swan, and Scuderi grabbed Plaintiff by the neck and pulled Plaintiff to the ground during a strip frisk at GMCF's Residential Crisis Treatment Program, and thereafter Defendant Renaud punched Plaintiff in the face, smashed his boot against the left side of Plaintiff's face, and sprayed Plaintiff with pepper spray. *See* Dkt. No. 19 at 25-28. Additionally, Plaintiff contends that, on August 11, 2016, following a verbal altercation regarding Plaintiff's alleged failure to dress appropriately, Defendants Rose, Prieur, and Vandenburgh repeatedly punched Plaintiff in his face and sprayed Plaintiff with pepper spray. *Id.* at 3-9. Defendants deny that Plaintiff's Eighth Amendment rights were violated, and instead contend that their actions were reasonable and justified since Plaintiff

3

"assaulted staff after refusing to comply with a strip frisk" on August 9, 2016, and that, on August 11, 2016, "Plaintiff was being escorted from his cell in the mental health unit for a callout, [where he] again assaulted staff." *See* Dkt. No. 62-10 at 5.

### A. Plaintiff's Motion *in Limine*

Plaintiff seeks to preclude evidence related to his conviction of criminal possession of a weapon in the second degree. *See* Dkt. No. 174 at 4-7; *see also* Dkt. No. 167 at 5. Plaintiff argues that his past criminal act has no relation to his constitutional claims and that the introduction of such evidence "would merely tend to portray Plaintiff [as] a criminal or serve some other improper purpose." Dkt. No. 174 at 4. Plaintiff contends that evidence of his prior convictions is inadmissible pursuant to Fed R. Evid. 404(b) and 609 because it is not being introduced to provide "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," and because the crime of possession of a weapon does not involve dishonesty or false statements. *Id.* at 5-7. Plaintiff also argues that discussing the reason for Plaintiff's incarceration "would needlessly confuse the jury" and thus such evidence should be excluded pursuant to Fed. R. Evid. 403. *Id.* at 5. In opposition, Defendants argue that the Court should exercise its discretion under Fed. R. Evid. 609(a)(1) in admitting evidence of Plaintiff's felony, particularly because Plaintiff's credibility is a central issue in this case, and that they seek only to cross-examine Plaintiff "regarding the statutory name of his felony conviction, the date of the conviction, and the overall sentence imposed." Dkt. No. 167 at 6. In the alternative, Defendants request that they be permitted to question Plaintiff regarding the fact that he was convicted of a felony, the date of the conviction, and the sentence imposed. *Id.* at 9.

4

Rule 609(a)(1)[3] provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, a district court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting Fed. R. Evid. 403). "However, where over ten years have passed since the witness's past felony conviction or release from confinement for it, whichever is later, Rule 609(b) provides that the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 44-45 (N.D.N.Y. 2022) (quotation omitted).

In balancing probative value against prejudicial effect under Rule 609, courts examine "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (alterations in original) (quoting *United States v. Ortiz*, 553 F.2d

---

[3] No party argues that Rule 609(a)(2) applies to Plaintiff's conviction, and the Court finds that it does not. *Accord Hardy v. Adams*, 654 F. Supp. 3d 159, 165-66 (N.D.N.Y. 2023).

782, 784 (2d Cir. 1977)). The district court has "wide discretion to impose limitations on the crossexamination of witnesses," *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002) (citations omitted), which includes the discretion to "exclude the nature or statutory name of the offense, . . . [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *Brown*, 606 F. Supp. 2d at 312 (citations omitted). Generally, "Rule 609(a)(1) crimes, which do not bear directly on honesty such as to be automatically admissible under Rule 609(a)(2), may nonetheless be highly probative of credibility." *Estrada*, 430 F.3d at 617 (citation omitted). Indeed, Rule 609 presumes that "all felonies are at least somewhat probative of a witness's propensity to testify truthfully" although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Id.* at 617 (citations omitted).

Here, the Court agrees with Defendants that the balancing test set forth in Rule 403 and incorporated in Rule 609(a)(1) favors denial of Plaintiff's motion. While the impeachment value of Plaintiff's conviction is relatively low, the remaining three factors all weigh in favor of introducing the conviction: it is entirely dissimilar from the events at issue, minimizing any risk of unfair prejudice; the conviction is not particularly remote, as Plaintiff was released from the resulting confinement less than four years ago; and Plaintiff's credibility will be critical at trial, especially given that his witness list identifies only himself as a witness expected to be called at trial. *See* Dkt. No. 172 at 1. The Court thus finds that the probative value of Plaintiff's conviction outweighs the prejudicial effect. However, because the impeachment value of the crime is relatively low—beyond the fact that it is a felony, *see Estrada*, 430 F.3d at 617—the Court also finds that the probative value of the statutory name of the conviction is substantially outweighed by the risk of unfair prejudice. Accordingly, the Court grants Defendants' alternative request to cross-examine Plaintiff regarding whether he has been convicted of a felony, the date of

6

conviction, and the sentence imposed, but may not inquire regarding the name or nature of the conviction. *See Brown*, 606 F. Supp. 2d at 312.

Accordingly, Plaintiff's motion *in limine* is denied.

### B. Defendants' Motion *in Limine*

Defendants' motion seeks an order: (i) permitting inquiry into Plaintiff's felony convictions; (ii) permitting inquiry into Plaintiff's disciplinary history; (iii) precluding Plaintiff from calling previously unidentified non-party incarcerated individual witnesses; (iv) permitting inquiry into any felony convictions or disciplinary history of non-party incarcerated individual witnesses in the event they are permitted to testify; (v) precluding reference to Defendants' indemnification; (vi) precluding evidence pertaining to dismissed claims; (vii) precluding Plaintiff from referencing a specific dollar amount of damages during either opening or closing statements; (viii) precluding the introduction of Plaintiff's medical records relating to his subsequent care and treatment; and (ix) precluding evidence regarding Marcy Correctional Facility and/or Robert Brooks. *See generally* Dkt. No. 167. The Court addresses each request in turn.

#### 1. Plaintiff's Felony Convictions

Regarding Defendants' request to inquire into Plaintiff's felony conviction, the Court refers the Parties to its holding *supra*, Section III(A), denying Plaintiff's motion *in limine* seeking to preclude the same evidence. Defendants will be permitted to cross-examine Plaintiff regarding whether he has been convicted of a felony, the date of conviction, and the sentence imposed, but may not inquire regarding the name or nature of the conviction.

#### 2. Plaintiff's Disciplinary History

Defendants argue that they should be permitted to introduce evidence related to Plaintiff's disciplinary history which, according to Defendants, "reveals disciplinary convictions for a

7

number of incidents probative of Plaintiff's veracity." *Id.* at 10.  Defendants include a copy of Plaintiff's disciplinary file, which documents over thirty disciplinary incidents between July 1, 2014 and May 21, 2020.  *See* Dkt. No. 167-3.  Plaintiff argues in opposition that certain of Plaintiff's disciplinary convictions should not be admissible because the incidents are not probative of Plaintiff's character for truthfulness.  *See* Dkt. No. 180 at 2-3.  Thus, Plaintiff contends that references to the incidents from July 1, 2014, July 13, 2014, October 20, 2014, December 12, 2014, December 22, 2014, January 5, 2015, January 12, 2015, March 16, 2015, July 24, 2016, October 5, 2016, November 5, 2016, December 28, 2016, June 17, 2017, September 13, 2018, October 25, 2018 and April 26, 2020, which involve charges related to direct order violations, movement violations, harassment, violent conduct, creating a disturbance, and threats, should not be permitted on cross-examination.  *Id.*

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Thus, "Federal Rule of Evidence 404(b) prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Lombardo v. Stone*, No. 99-CIV-4603, 2002 WL 113913, at *3 (S.D.N.Y. Jan. 29, 2002).  "In particular, disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric patient, are almost always inadmissible."  *Id.*  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).  Moreover, a court may, on cross examination, allow "specific instances of a witness's conduct . . . to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness."  Fed. R. Evid. 608(b).

As an initial matter, the Court agrees with Plaintiff that incidents involving violent conduct, harassment, or creating a disturbance, are not probative of a person's character for truthfulness. *See Estrada*, 430 F.3d at 617-18. Thus, Plaintiff's disciplinary convictions for those categories of misconduct are inadmissible and may not serve as the basis for cross-examination. Regarding Plaintiff's other convictions, however, including those related to direct order violations, it is not clear to the Court what Defendants would like to inquire about or Defendants' purpose for doing so. As a result, the Court will reserve decision on this issue until Defendants make an offer of proof specifically identifying the disciplinary incidents into which they wish to inquire under Rule 608(b), Defendants' purpose for doing so, and precisely how those incidents are probative of Plaintiff's truthfulness.

### 3. Non-Party Incarcerated Individual Witnesses

Defendants maintain that Plaintiff should not be permitted to call previously unidentified non-party incarcerated individual witnesses at trial and, if Plaintiff is so permitted, that Defendants should be able to cross-examine those individuals' regarding their criminal and disciplinary histories. *See* Dkt. No. 167 at 12-17. In opposition, Plaintiff argues that Defendants are not prejudiced if witnesses Elijah Moses and Terrance Hale testify at trial because, even though they were not listed on Plaintiff's Rule 26 disclosures, Plaintiff previously sought to have those individuals testify during Plaintiff's disciplinary hearing following the August 11, 2016 incident. *See* Dkt. No. 180 at 3; *see also* Dkt. No. 167 at 12 (Defendants acknowledging that Moses and Hale refused to testify at the hearing). Plaintiff also opposes Defendants' request to cross-examine Moses and Hale regarding their criminal and disciplinary histories, since "their respective incarcerations have no bearing on the allegations in [Plaintiff's] complaint and would do nothing but confuse the jury and prejudice the plaintiff." *Id.*

First, the Court denies Defendants' request to have these non-party incarcerated individuals precluded from testifying at trial. Especially considering Plaintiff's status as a *pro se* litigant when the parties exchanged Rule 26 disclosures, and given that Defendants were on notice that Plaintiff previously requested that these individuals testified at Plaintiff's disciplinary proceeding regarding the August 11, 2016 incident, Defendants are not prejudiced by Plaintiff's failure to formally disclose these witnesses.

Next, Defendants state that Mr. Moses pled guilty to robbery in the second degree, for which he was sentenced to seven years and six months, as well as criminal possession of a weapon in the second degree, to which he was sentenced to thirteen years. *See* Dkt. No. 167 at 15. Mr. Hale was convicted of assault in the first degree, aggravated assault of a peace officer, criminal possession of a weapon in the third degree, and aggravated harassment, to which he was sentenced to twenty-six years and six months. *Id.* The Court finds that certain of this background may be elicited by Defendants during cross-examination. As the Court noted in ruling on Plaintiff's motion *in limine* regarding Plaintiff's criminal history, "whether the crime, by its nature, is probative of a lack of veracity" is the strongest consideration on a request to preclude evidence of criminal convictions. See *Brown*, 606 F. Supp. 2d at 312. Thus, with the exception of Mr. Moses' robbery conviction, Defendants will only be permitted to introduce evidence regarding the dates of the convictions and sentences imposed on Mr. Moses and Mr. Hale, but not the name or the nature of their convictions. As to Mr. Moses' robbery conviction, Defendants are permitted to inquire into the essential facts of that conviction, including the nature or statutory name of the offense, the date of the conviction, and the sentence imposed. *See, e.g.*, *Thousand v. Corrigan*, No. 9:15-CV-01025, 2017 WL 4480185, at *4, 6-7 (N.D.N.Y. Oct. 6, 2017) (permitting the introduction of non-party witness's convictions of robbery in the first degree and grand larceny in

the fourth degree, as well as the dates of the conviction and sentences imposed, but not the name and nature of non-party witness's manslaughter and murder in the second degree convictions, concluding that unfair prejudice outweighed the probative value with respect to those convictions).

As to the disciplinary histories, Defendants state that Moses and Hale were both charged and found guilty of, *inter alia*, False Information, during their incarceration. *See* Dkt. No. 167 at 16-17. The Court will permit cross-examination with respect to False Information charges, as they are probative of truthfulness. However, as to their rest of their disciplinary histories, the Court reserves decision on whether Defendants may inquire about other charges brought against these individuals until Defendants make an offer of proof specifically identifying the disciplinary incidents about which they wish to ask and how those incidents are probative of truthfulness.

### 4. Reference to Defendants' Indemnification

Defendants contend that any evidence or argument regarding indemnification would be irrelevant and prejudicial. *See* Dkt. No. 167 at 17-18. Plaintiff does not pose any argument in opposition. *See generally* Dkt. No. 180. As a result, the Court grants Defendants' request to preclude reference to Defendants' potential indemnification for purposes of trial. However, because Plaintiff seeks punitive damages, *see* Dkt. No. 162 at 4, the Court reserves on this request for purposes of any post-trial hearing regarding punitive damages.

### 5. Facts Pertaining to Previously-Dismissed Claims

Defendants seek to preclude evidence or references to facts pertaining to claims that were previously dismissed, including claims against Defendants Rose and Vandenburgh related to false reports and testimony, as well as claims against other individuals who have been dismissed from the case. See Dkt. No. 167 at 18. Plaintiff does not make any argument in opposition. *See generally* Dkt. No. 180. As a result, the Court grants Defendants' request.

11

### 6. References to a Specific Dollar Amount of Damages

Defendants seek to prevent Plaintiff from suggesting a specific dollar amount for compensatory and punitive damages during opening statements and summation. *See* Dkt. No.167 at 5, 18-19. In the alternative, Defendants argue that in the event Plaintiff is allowed to seek a specific amount of compensatory damages, he should be precluded from referencing a specific amount of punitive damages since a hearing on punitive damages is conducted after the issues of liability and compensatory damages have been tried. *Id.* at 19. Plaintiff opposes this request. *See* Dkt. No. 180 at 3-4.

As both parties acknowledge, the determination of whether to allow a plaintiff to request a specific damages amount from the jury is within the court's discretion. Dkt. No. 167 at 18-19; Dkt. No. 180 at 3-4; *see also Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). Although the Second Circuit has stated that "specifying target amounts for the jury to award is disfavored," *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996), the Second Circuit has also stated that "[i]t is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot*, 110 F.3d at 912 (citations omitted).

At this juncture, the Court reserves on the portion of Defendants' motion seeking to preclude reference to a specific dollar amount for compensatory damages. However, because a post-trial hearing will be necessary to determine the amount of punitive damages in the event any Defendant is found liable, the Court grants the portion of Defendants' motion seeking to preclude reference to a specific dollar amount for punitive damages at trial.

### 7. Medical Records Relating to Plaintiff's Subsequent Care and Treatment

Defendants argue that Plaintiff's medical records relating to subsequent care and treatment that occurred after the August 9 and 11, 2016 incidents should be precluded because they constitute inadmissible hearsay, and Plaintiff will be unable to lay the requisite foundation to satisfy the exceptions pursuant to Fed. R. Evid. 803(4) or 803(6). *See* Dkt. No. 167 at 20-21. Defendants note that they do not object, however, to Plaintiff's use of relevant portions of this type of evidence, so long as they "(1) come from medical records that have been duly certified as authentic and are complete medical records pursuant to Federal Rules of Evidence ("FRE") 902(11); (2) do not contain inadmissible hearsay or irrelevant matter; and (3) are sufficiently explained by a competent witness that they would be intelligible, meaningful and not confusing to a layperson." *Id.* at 20. Plaintiff does not make any argument in opposition. *See generally* Dkt. No. 180. Additionally, Plaintiff's exhibit list does not reference any medical records that post-date August 11, 2016. *See generally* Dkt. No. 168. As a result, the Court grants Defendants' request to preclude Plaintiff's medical records relating to his care and treatment that occurred after the August 9 and 11, 2016 incidents, except to the extent that such evidence complies with the caveats outlined in Defendants' motion.

### 8. Evidence Regarding the Marcy Correctional Facility Incident and/or Robert Brooks

Finally, Defendants seek to preclude Plaintiff from making reference to or offering evidence regarding an incident that occurred on December 10, 2024 at Marcy Correctional Facility involving incarcerated individual Robert Brooks and subsequent media coverage related to the same. *See* Dkt. No. 21-22. Defendants posit that such evidence is irrelevant, and its introduction would be unfairly prejudicial pursuant to Fed. R. Evid. 403. *Id.* Plaintiff does not make any argument in opposition. *See generally* Dkt. No. 180. As a result, the Court grants Defendants'

request to preclude references or evidence regarding the December 10, 2024 incident at Marcy Correctional Facility and/or Robert Brooks, as well as media coverage related to the same.

Based on the foregoing, Defendants' motion *in limine* is granted in part, denied in part, and reserved in part.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion *in limine*, Dkt. No. 174, is **DENIED**, as set forth in Section III(A) of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendants' motion *in limine*, Dkt. No. 167, is **GRANTED IN PART, DENIED IN PART,** and **RESERVED IN PART**, as set forth in Section III(B) of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 11, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge